*Ex parte* ALVORD and others.

A JUDGMENT having been rendered by a justice of *Livingston* county, against *Alvord* and others, in favor of *Sherwood*, they appealed to the *Livingston* C. P. ; but the condition of the appeal bond did not recite the amount of the judgment before the justice ; nor did the amount appear in any part of the bond. The justice returned the amount of the judgment ; and in a supplemental return, stated that no other suit had ever been pending or tried, between the parties before him ; or any other judgment rendered before him against *Alvord* and others in favor of *Sherwood.*

An appeal bond must recite the amount of the judgment, before the justice.

If not, the C. P. should dismiss the appeal for want of jurisdiction.

When the cause was called upon the calendar of the C. P. for trial, the counsel for *Sherwood* moved that the appeal be dismissed, on the ground that the bond did not sufficiently identify the judgment ; and the court granted the motion.

A mandamus was now applied for, commanding the C. P. to vacate the rule dismissing the appeal, and proceed with the trial.

*C. H. Bryan,* for the relators.

*Curia.* We think the legislature intended that the bond should state the judgment below accurately and truly. They have not said so in terms ; but one branch of their provisions on the subject is, that the appellant shall pay the judgment below in a certain event. (*Stat. sess.* 47, *ch.* 238, *s.* 36.) The judgment, therefore, should be stated, with the view to afford as complete a remedy as possible on the face of the instrument. In a suit upon this bond, to recover the amount of the judgment below, matter extrinsic must be averred and proved. The appellant must furnish a bond as perfect as possible for the purpose of a remedy to the appellee ; or the common pleas do not acquire jurisdiction. The court were right in dismissing the appeal ; and the motion must, therefore, be denied.

Motion denied.