Jones
v.
Davis.

writ, is not a running in the name of the state.

———❖———

## LEVI JONES v. AUGUSTUS C. DAVIS.

1. On motion in the circuit court to dismiss an appeal from a J. P. it appeared an appeal was *prayed*—an affidavit made and certified—an appeal bond signed and filed, but not tested by the justice—Held, sufficient evidence of an appeal—and that it was the duty of the J. to have certified the appeal bond: and the circuit court did right in permitting a new one to be filed.

APPEAL from the circuit court of Howard county.

Opinion of the court delivered by TOMPKINS.

Jones sued Davis before a justice of the peace, and there had judgment. To reverse that judgment, Davis appealed to the circuit court, where he had judgment. To reverse the judgment of the circuit court Jones prosecutes his writ of error.

In the circuit court Jones moved to dismiss Davis's appeal from the justice, because as is alleged there was no appeal taken, and, because there was no appeal bond filed. The circuit court overruled the motion and allowed the defendant Davis to file a new appeal bond.

It is assigned for error—

1st. That the circuit court refused to dismiss the appeal.

On motion in the circuit cout to dismiss an appeal from a J. P. it appeared an appeal was *prayed*—an af

2nd. That the court permitted Davis to give a new recognizance of appeal. Looking into the transcript of the proceedings before the justice, we find this entry: "The said Davis failing in his application for a new trial in the above cause prays an appeal to the circuit court," &c.

An affidavit is filed and tested by the Justice. An appeal bond is also filed but not tested by the justice. This bond is made to Levi Jones. It is the opinion of the court that there appears on the transcript sufficient evidence of an appeal. After affidavit and recognizance of bail filed, the justice had no discretion to exercise. It became his duty to grant an appeal and to test the recognizance, and this he must evidently have intended to do: otherwise he would not have entered the prayer of appeal or have tested the affidavit. The circuit court in this state of the case, we think, did right to allow the defendant to file a new appeal bond. The judgment of the circuit court is therefore affirmed.

*MAY TERM 1835.*

fidavit made and certified—an appeal bond signed and filed, but not tested by the justice. Held, sufficient evidence of an appeal—and that it was the duty of the J. to have certified the appeal bond; and the circuit C. did right in permitting a new one to be filed.