## CARTER v. PICKARD.

1. Where it appears from the papers sent up by a justice of the peace to the circuit court, that three judgments had been rendered by him against a garnishee, and the condition of the appeal bond recites that an appeal was taken in "the three different cases," but the transcript of the justice contains the papers in but one only, it cannot be intended that all the cases were consolidated by the justice.

2. An appeal from a justice of the peace should not be quashed for a defect in the bond, unless the appellant, upon being required by the court, fails or refuses to execute a perfect one.

3. Where the record does not state at whose instance an appeal was quashed, it must be intended that the motion for that purpose was made at the instance of the appellee, who was involuntarily brought before the court.

4. Wherever the court acts against a party without his consent given, or to be implied, the legal inference is, that the act was *in invitum*, and no bill of exceptions is necessary in such case, where the judgment shows the error.

Writ of Error to the Circuit Court of Tallapoosa.

W. W. Morris, for the plaintiff in error, insisted, that it must be intended that the appeal was quashed at the instance of the appellee. As for the proceeding before the justice, it was clearly erroneous in permitting the garnishee's answer to be contested, and in rendering a judgment against him for costs. [Clay's Dig. 260, § 6.] The demand litigated exceeded fifty dollars; consequently the justice had no jurisdiction of it—and the circuit court should not have awarded a *procedendo*.

S. F. Rice, for the defendant in error. There was no exception taken to the judgment quashing the appeal, and it cannot therefore be revised. [9 Porter's Rep. 136.] Besides it does not appear upon whose motion the court acted, and it cannot be intended, that it was at the appellee's. In fact, in

the state of the record, it must be presumed that the judgment was assented to.   [9 Ala. Rep. 768.]

The appeal bond is fatally defective—it embraces three cases, and does not show to what court they were returnable. If the appellant had offered to perfect the bond, and the court had refused to allow it, then there would have been error; but as no such offer was made, his acquiesence must be presumed.   [9 Porter's Rep. 195.]

COLLIER, C. J.—The plaintiff in error was summoned as a garnishee at the suit of the defendant, to appear before a justice of the peace of Tallapoosa, and answer whether, and how much he was indebted to John Canon, against whom the defendant had recovered a judgment before the justice. It appears from a paper in the transcript, that the garnishee was indebted to the defendant in the judgment in a sum exceeding fifty dollars, and the justice condemned the same to the satisfaction of two judgments *in toto*, and a third in part, which the plaintiff below recovered against Canon before him. The garnishee prayed an appeal, and executed a bond for its prosecution, in which it recited that a judgment was rendered against him in three cases, &c.

The judgment of the circuit court recites, that the parties came " by their attornies, and on motion the appeal is quashed by the court :" thereupon a *procedendo* was awarded to the justice, and a judgment rendered against the garnishee and his surety in the appeal bond for costs.

Although the condition of the bond recites that an appeal was taken in "the three different cases," and provides for their successful prosecution, &c., yet it cannot be inferred that they had been consolidated by the justice, even if it had been competent for him to do so.   In fact such an idea is negatived by the papers returned to the circuit court, which indicate that several judgments were rendered.   The transcript in the case before us, contains only the papers and proceedings in one case, and the question is, whether in this condition of the record, the appeal was rightly quashed.

In Lowry v. Stowe, 7 Porter's Rep. 486, it was decided, that the proceedings in a cause commenced by attachment should not be quashed for a defect in the bond, unless the plaintiff, upon the requsition of the court, refused to perfect it by the substitution of a new bond. [See also, Alford v. Johnson, 9 Id. 320.] We think the same rule must be applied in appeals from justices of the peace, and that they should not be dismissed or quashed for a defect in the bond unless the appellant, upon being required by the court, fails or refuses to execute a perfect one.

True, the record does not state at whose instance the appeal was quashed, but the only reasonable intendment is, that the motion for that purpose was made at the instance of the appellee, who was involuntarily brought before the court. It is difficult to perceive upon what ground the appellant could have moved a dismissal of the appeal—he would not be heard to alledge the defectiveness of the bond; for he should have executed it in the form prescribed by the statute, and could not alledge his own omission as a ground for repudiating the cause.

The error of the court is sufficiently apparent, and no bill of exceptions is necessary to show that the action of the circuit court was without, and in point of law against the appellant's consent. Wherever the court acts against a party without his consent given, or to be implied, the legal inference is, that as it respects such party, the act is *in invitum.* If the bond does not conform to the statute, no judgment could be entered against the surety for costs; whether this is a clerical misprision, and amendable, we need not inquire, as, for the error already noticed, the judgment must be reversed, and the cause remanded.