## APPLETON vs. TURRENTINE.

1. It is erroneous to dismiss an appeal from a justice of the peace to the Circuit Court, on account of a defect in the appeal bond, when the appellant offers to execute a new and sufficient bond and proceed to trial forthwith.

ERROR to the Circuit Court of DeKalb. Tried before the Hon. George W. Lane.

A JUDGMENT was rendered by a justice of the peace in favor of Turrentine v. Watts, on which an execution was issued and levied on certain personal property, to which a claim was interposed by Appleton, and bond given to try the right thereto. A trial was had before the justice, and the property was found subject to the execution. The claimant appealed to the Circuit Court, and executed an appeal bond which was defective. An order was made at the Fall Term, 1845, of the Court, that a new bond be given within one hundred and twenty days; and at the Spring Term, 1847, the appeal was dismissed. The judgment entry recites ".that said appellant had failed to give a good and sufficient bond, in accordance to a previous order of this court, and does now fail to give the same. It is therefore ordered by the court that said appeal be dismissed," &c. It appears from the bill of exceptions, that the appellant offered to execute a new and sufficient bond and proceed to trial forthwith.

J. B. MARTIN, for plaintiff in error, cited Bradford v. Dawson & Campbell, 2 Ala. 203; Carter v. Pickard, 11 ib. 673; Alford v. Johnson, 9 Por. 320; Jenkins v. McCawley, 1 Stewart 61.

COLEMAN, J.—The court below decided that the appeal bond given in this case in pursuance of a previous order of the court was insufficient, for the want of a proper authority on the part of the agent making the same, and that the cause should be dismissed, although the plaintiff announced himself prepared to execute a sufficient bond, and offered to execute a good and sufficient bond and go on with the trial.

Without inquiring into the correctness of the decision reject-

ing the bond previously filed, we have no hesitation in deciding that the court erred in refusing to permit the plaintiff to make a new and sufficient bond.

In Bradford v. Dawson & Campbell, (2 Ala. 203,) it was held that the claim bond is intended as a security for the plaintiff in the execution; and although he may insist on the execution of such a one as the statute directs, yet the claim ought not to be dismissed on account of a defective bond, if the claimant will execute a good one under the direction of the court, when the exception is allowed. This practice has been repeatedly recognized in analagous cases, and we cannot doubt its correctness.—Alford v. Johnson, 9 Por. 320; Carter v. Pickard, 11 Ala. 673.

Let the judgment be reversed and the cause remanded.