## BROCK v. MANATT.

Where, in an action commenced before a justice of the peace, a bond for an appeal had been filed and approved by the justice, which bond was defect-ive in describing the plaintiff as defendant, and the defendant as plaintiff; and while a motion to dismiss the appeal was pending in the District Court, the appellant asked leave to file a new bond, which was refused, and the court sustained the motion, and dismissed the appeal.

*Held,* that the District Court, under section 2511 of the Code, should have al-lowed a new bond to be filed, and that the dismissal of the appeal was error.

### *Appeal from the Poweshiek District Court.*

BROCK brought suit against Manatt, before a justice of the peace. Trial was had on the 23d of September, 1854, and judgment rendered against the plaintiff on the 26th of the same month. On the 29th, as appears from an entry in the transcript of the docket of the justice, notice of appeal was given, and under date of October 16, 1854, appeared the following entry:

"Selah S. Brock appeared to day, at the office of the undersigned, a justice of the peace in Bear Creek township, and returned the bond, with sureties, for the appeal to be taken as above notified.     CHARLES COMSTOCK, *J. P.*"

A bond appeared among the papers of the same date with the above entry, which is tested by the justice, but, in the body of the bond, the plaintiff is described as defendant, and the defendant as plaintiff, and there is no indorsement of the filing of the bond by the justice. In the District Court, the defendant moved to dismiss the appeal, for the following reasons:

1. The appeal was not perfected within twenty days.

2. There is no bond returned in this case, if any was ever filed in the office of the justice.

3. The appeal not having been allowed on the day on which judgment was rendered, notice should have been

served on defendant, as required by section 2341 of the Code.

While this motion was pending, the plaintiff asked leave to file a good and sufficient bond, or to correct the error of misplacing the parties in the bond on file, which the court refused, and thereupon the motion was sustained, and the appeal dismissed.

It appeared, further, that the plaintiff, during the same day that the motion to dismiss the appeal was pending, filed an affidavit, alleging that the appeal was taken in good faith, and until he came into the District Court for trial, he supposed the bond was proper; but, as it does not appear that this affidavit was made until after the determination of the motion to dismiss the appeal, it is not regarded by the court. The plaintiff appeals to this court, and assigns as error, the refusal to allow him to file a new bond, and the dismissal of the appeal.

*W. Penn. Clarke*, for the appellant.

*Clark & Brother*, for the appellee.

ISBELL, J.—The only question that is made to the court by the argument of counsel, and which it is necessary for us to consider, is, whether any bond was filed in this case. For it is assented to by appellee, that, if there was a bond at all, it was filed in time. And, also, that if it was a defective bond, instead of no bond in this case, the court should have allowed plaintiff to substitute a good and sufficient bond, under section 2511 of the Code.

It is urged by appellee, that another suit had been pending about the same time, before the same justice, between the same parties, in which the plaintiff here was in fact defendant, and the defendant here was in fact plaintiff, and that the bond was in point of fact an appeal bond in that cause, and not in this. However this may be, and however much light the District Court may have had on this subject, we find nothing to justify this statement in the record, and

cannot act on mere outside statements. The transcript shows, at least, that a bond was returned to the justice in this case, with sureties, in accordance with a notice of appeal before given, and this bond bears date the same day of the entry showing these facts, is properly attested by the justice, and is found among the papers. The insertion of the names of the parties is a mistake that, by a slight inadvertence, could easily creep into the bond; and we conclude that, in this state of the case, on motion to dismiss the appeal for want of a bond, without some showing of fact, that the bond was for the purpose of appealing another cause, or that another cause existed to which it might properly apply, it was the duty of the court, on being so moved, during the pendency of the motion to dismiss, to have regarded this bond, so appearing among the papers, and so identified with them, as a *defective* bond, rather than *no bond* in the case, and to have allowed a perfect bond to be supplied, under section 2511 of the Code.

Judgment reversed, and cause remanded.