J. P. Saulsbury, for the plaintiff below, now made a motion to the court to dismiss the appeal because the entry of it by the justice was not in accordance with the form prescribed by the statute, which must be strictly followed. In the first place, it does not state the name of the appellant, and in the second place, it does not state that any judgment which shall be rendered against the said Miller, his executors or administrators, upon said appeal shall be satisfied, but states that any judgment which shall be rendered against the said defendant, his executors or administrators, upon said judgment shall be satisfied. This court has no power to amend a record unless it is authorized by statute. Latham v.Edgerton, 9 Cow. 227; Ex parte Alvord et al., 6 Cow.
585; 4 Cow. 592. When the appeal bond is defective in any case, the Court of Common Pleas may quash the appeal at any time. Exparte Brown, 7 Cow. 468. In this case the surety in the appeal signed the entry on the record of it as it was made by the justice of the peace, and it is not competent for this court or the justice either to alter or vary it by any amendment, for that would be to change the contract and the legal obligation of the surety in the case, which cannot be done. When the transcript from the justice's record fails to show upon its face that an appeal was taken and security was given as required by law, it is fatally defective, and is therefore null and void in law. And as the giving of security and the entry of the appeal here in all respects in strict conformity with the requirements of the statute is absolutely essential to give this court jurisdiction of the appeal in any case, if that is wanting the court can do but one thing in the case, *Page 496 
and that is to reject or dismiss the appeal. But the appellant is not without redress or remedy in such a case against the justice of the peace.
Fisher, for the defendant below: The court ought not to dismiss an appeal because the justice has failed to furnish a duly certified transcript under seal, notwithstanding the statute requires the appellant to have the appeal entered in the Superior Court on or before the first day of the next term, and for that purpose to deliver a duly certified transcript of all the docket entries in the case to the prothonotary of the court, but will direct that a duly certified transcript be filed during the term. Green v.Kinney, 2 Harr. 160; Lewis v. Hazel, 4Harr. 470; Waters v. Kirby, 1Honst. 364. The court will not dismiss an appeal because of a defect in the bond or entry of security by the justice, unless the appellant after having been required to execute a new bond or to have the defect corrected shall refuse or neglect to do so, and the court will allow the defect to be corrected by making such an order.Dedman v. Barker, 1 Scam. 254;Jones v. Davis, 4 Mo. 28;Craddock v. Pritchett, Peck 22; King v.Hampton, 3 Haywood 60; Cochran v.Parker, 6 S. R. 549; Carter v.Pritchard, 11 Ala. 673. The court may in its discretion allow amendments of the appeal bond after motion to dismiss; and it is error if the court refuse to permit the appellant to file a sufficient bond. Twidall v. Meeker, 1Scam. 137; 1 Halst. 220; 3 Halst. 135; 7Halst. 181; Dedman v. Barker, 1Scam. 254. The appeal cannot be defeated by the neglect or fraud of the justice. Little v. Swift, 4Scam. 400; Ewing v. Bailey, 4Scant. 420. A party ready and willing to comply with the prerequisites to an appeal cannot *Page 497 
be deprived of his right to it by the willful or accidental omission of the justice. Louderback v. Boyd, 1 Ashm.
380; Swift v. Brownell, 4 Wis. 285;Lacy v. Fairman, 7 Blackf. 558. It is error to dismiss an appeal from a justice of the peace on account of defect in the appeal bond when the appellant offers to execute a new and sufficient bond without delaying the trial. Appleton v.Turrentun, 19 Ala. 706.
The Court refused the motion to dismiss the appeal.