MARTHA HARRISON *et al.* v. THE MASONIC MUTUAL BENEFIT SOCIETY OF KANSAS.

No. 10,356. (59 Pac. 266.)

1. FEES AND SALARIES— *Clerk of the Supreme Court—Statute Construed.* Although section 1, chapter 40, Laws of 1869, which provides, among other things, that "the clerk (of the supreme court) shall receive in addition to the fees already prescribed such per diem during the term as may be allowed by said court," repealed section 8, chapter 27, General Statutes of 1868, which provided that "his (the clerk's) fees shall be the same as the clerks of the district courts," yet the effect of such repeal was only to change the language, not the law, allowing fees to such officers. The act

of 1869, by allowing to the clerk "the fees already prescribed," that is, theretofore prescribed, continued the right to charge the fees allowed by the act of 1868, notwithstanding the repeal of that act.

2. ———— *Statutory Construction—Fees of Clerk of Supreme Court.* In all cases of ambiguity of statutes, the contemporaneous construction of the legislative and executive departments, and of the officials whose duty it is to carry the laws into effect, will be allowed great and, oftentimes, determining weight. The legislature having by numerous acts impliedly recognized the right of the clerk of this court, under the act of 1869, to the same fees as the clerks of the district court, and the officers of the executive department having acted in the performance of their duties in accordance with the same view, *held*, therefore, aided by such interpretation of the other coordinate branches, that the clerk of this court is entitled to charge and collect the fees as stated.

Motion to retax the costs of this court. Opinion filed December 9, 1899. Denied.

*H. C. Root*, for plaintiffs in error.

*A. A. Godard*, attorney-general, and *David Overmyer*, for The State.

The opinion of the court was delivered by

DOSTER, C. J. : A decision on the claims of error was made in this case January 8, 1898. The judgment of the court below was then affirmed. (*Harrison v. Benefit Society*, 59 Kan. 29, 51 Pac. 893.) The defendants in error have filed a motion to retax the costs made in the case by striking all the various items of costs from the appearance docket for the reason that none of said items was authorized by law, because there is no statutory authority for the taxation of costs against unsuccessful litigants in this court. Costs cannot be charged by courts, of course, without statutory authority, and the authority of this court to order the taxation of costs cannot be upheld, it must

be admitted, except by very liberal construction of an obscurely worded and anomalous statute.   Neverthe-less, as we think, the authority exists.

In the examination of the question it will not be necessary to go further back in the history of legisla-tion on the subject than 1862.   In that year an act was passed entitled "An act fixing the fees of the clerk of the supreme court, district attorneys, county officers, justices of the peace, constables, witnesses, jurors, referees, appraisers, and notaries public." This act was published as chapter 99, Compiled Laws of 1862.   Section 21 read as follows : " The clerk of the supreme court shall receive such fees as shall from time to time be allowed him by said court."   This remained the law until 1868.   In that year an act was passed entitled "An act relating to the supreme court." (Gen. Stat. 1868, ch. 27.)    Section 8 reads as follows :

" Before entering on the duties of his office, the clerk of the supreme court shall give bond to the state of Kansas, in the penal sum not less than $10,000, with sufficient sureties, to be approved by the court, conditioned for the faithful performance of the duties of his said office, and take and subscribe the oath of office ; and his fees shall be the same as the clerks of the district courts."

In the following year, 1869, an act was passed en-titled "An act to amend an act entitled 'An act relat-ing to the supreme court.'"   This act reads as follows :

" That section 8 of said act be amended so as to read as follows : Sec. 8.   Before entering on the duties of his office, the clerk of the supreme court shall give bond to the state of Kansas in the penal sum not less than $10,000, with sufficient securities, to be approved by the court, conditional for the faithful performance of the duties of his said office, and take and subscribe the oath of office ; and the clerk shall receive, in addi-tion to the fees already prescribed, such *per diem* dur-

ing the term as may be allowed by said court."
Chapter 40, Laws 1869.

The above is the last expression of legislative will on the subject in question. It will be observed that the statute of 1869 is a reenactment of that of 1868, so far as it relates to the bond and oath of office of the clerk and the approval of the bond by the court. The last clause of the act of 1868, which read "and his fees shall be the same as the clerks of the district courts," was omitted from the act of 1869, and in lieu thereof the latter statute was made to read, "and the clerk shall receive, in addition to the fees already prescribed, such *per diem* during the term as may be allowed by said court." The constitution, section 16, article 2, reads as follows: . . . "No law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed." The act of 1869 contained no express declaration of repeal of the act of 1868. Whether it so far covered the entire subject-matter of the earlier act as impliedly to repeal it, within the doctrine of *The State v. Countryman*, 57 Kan. 815, 48 Pac. 137, we need not inquire. The earlier statute was repealed by force of the section of the constitution quoted. Thenceforth the provision in the act of 1868 that the fees of the clerk of this court should be the same as the clerks of the district courts ceased to exist as an act securing them to him by force of its own unaided terms.

It by no means follows, however, that the act of 1869 did not save to the clerk of this court the fees which theretofore had been allowed by the act of 1868. The act of 1869 declared: "The clerk shall receive, *in addition to the fees already prescribed*, such *per diem* during the term as may be allowed by said court."

This is a declaration that the clerk shall receive "the fees already prescribed." It cannot be that the legislature intended to allow to the clerk of this court the fees already prescribed, by whatever act they may have been prescribed, and at the same time take away from him the right to charge any fees whatsoever. It cannot be that the legislature intended to allow him "the fees already prescribed," and at the same time, by repealing the only act which had theretofore prescribed them, take away from him the right to the fees so prescribed. What the legislature evidently meant to do was to change the language of the act by which fees were secured to the clerk, not to abrogate the right to charge them as costs in a case.

Up to the enactment of the act of 1869 such fees as the clerks of the district courts were entitled to charge were likewise allowed to the clerk of this court. While the language of the earlier act is repealed, the right to the fees allowed by it is continued by declaring that the clerk of this court shall receive the fees "already prescribed." The definition of "already" in the Standard Dictionary is "Previously to some specified time; beforehand." The statute of 1869, notwithstanding the repeal of that of 1868, means that the clerk of this court shall receive the fees which "beforehand," or "previously" to the enactment of the later statute, were allowed. The language of the act of 1869, "in addition to the fees already prescribed," must be allowed a meaning. These words cannot be expunged, as it were, from the statute. They have the effect to continue the right to charge the fees which had theretofore been prescribed by statute, although the statute which had theretofore prescribed them had been repealed. The statute of 1869 continues that of 1868 by reference to it.

It would have been within the power of the legisla-

ture of 1869 to declare in express terms that section 8
of the act of 1868 should be amended by repealing the
clause allowing to the clerk of the supreme court the
same fees as the clerks of the district courts, but that
the clerk of the supreme court should nevertheless be
allowed to continue to charge the fees which had
theretofore been prescribed by the clause repealed.
To have done so would have been, of course a useless,
almost senseless, change of language ; but had it been
so done, the validity of the statute could not have
been questioned, nor could its meaning have been
misunderstood.  In viewing the act of 1869 as we
do, we only arrive at the same meaning by con-
struction — a construction to which we are forced by
the clause which allows to the clerk "the fees already
prescribed."  That clause, as we have said and as
must be obvious, is not meaningless.  Some meaning
must be given to it.  It cannot be stricken, as it were,
from the statute as without meaning, and therefore
supposed to have been inadvertently used.

The fact that the fees of the clerks of the district
courts of several of the counties have been fixed by
special acts applying only to those counties, and that,
therefore, the fees of those officers are not uniform
throughout the state, can make no difference.  All the
special acts regulating the fees of officers have been
passed since the act of 1869, and, even if such were
not the case, the act of that year would be held to re-
fer to the fees prescribed by the general law on the
subject.

We are aided to the conclusion we have reached by
the fact that the other coordinate branches of the state
government have held to a similar view.  For thirty
years the several departments of the state government
have recognized the right of the clerk of this court to

the same fees as the clerks of the district courts. At almost every session of the legislature for thirty years past the appropriation bills have contained an allowance to the clerk of this court for unpaid costs in state cases, and in 1897 the legislature passed an act placing the clerk on a salary and requiring him, in several elaborately-worded sections and by severe penal regulations, to keep a record of the fees received by him by virtue of his office and account for them to the state accountant and the state treasurer. (Laws 1897, ch. 110.) Likewise, at the preceding session of 1895, the legislature recognized the right of the clerk of this court to charge fees by allowing to the clerks of the courts of appeals the same fees as the clerk of the supreme court for like services. (Laws 1895, ch. 96, § 5.) At other sessions other acts were passed equally significant of a legislative recognition of the right of the clerk to charge fees.

None of these appropriation or other acts which we have mentioned would have been passed had it not been the legislative judgment that the clerk was entitled to costs under the act of 1869. All of these acts were, of course, approved by the governor, and the drafts made by the clerk on the funds set apart by the. appropriation acts mentioned were honored by the auditor and treasurer. This, likewise, was only done because in the judgment of the executive department the clerk was entitled to the fees charged. The rule is well settled that "in all cases of ambiguity the contemporaneous construction not only of the courts but of the departments, and even of the officials whose duty it is to carry the law into effect, is controlling." (*Shell's Executors v. Fauche*, 138 U. S. 562, 11 Sup. Ct. 376, 34 L. Ed. 1040.)

While we wish that the statute on the subject had

been made plainer in its provisions, so that the question would not have arisen, we think, for the reasons given, that the authority of the clerk to charge fees exists under the law as it stands, and the motion to retax costs is, therefore, denied.