## BEN KIRTLEY v. W. C. TUTHILL.

No. 386. (60 Pac. 662.)

JUSTICE'S COURT—*Appeal Bond—Obligee.* An appeal bond, otherwise regular in form, is not void for the reason that the obligee is not named therein.

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed March 17, 1900. Reversed.

*Z. C. Millikin,* for plaintiff in error.

*E. W. Blair,* and *Bond & Osborn,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : The only question in this case is as to the validity of an appeal bond in the following form :

"BEN KIRTLEY, *Plaintiff,* — Judgment before H. Berg, a justice of the peace of the city of Salina township and Saline county, Kansas.
v.
G. G. DUNMIRE, *Defendant.*

"WHEREAS, On the 20th day of June, 1898, the said plaintiff, Ben Kirtley, obtained a judgment against the said defendant on the docket of the said H. Berg, J. P., for two hundred and twelve dollars and a half and costs taxed therein at twelve and $\frac{90}{100}$ dollars, and the said defendant intends to appeal therefrom to the district court in and for said county :

"Now, THEREFORE, We, G. G. Dunmire, as principal, and W. C. Tuthill, of Salina, as surety, do hereby, pursuant to the statute in such cases made and provided, promise and undertake in the sum of four hundred and fifty dollars that the said appellant will prosecute his said appeal to effect and without unnecessary delay ; and if judgment be adjudged against him on said appeal he will satisfy said judgment and costs.

G. G. DUNMIRE.
W. C. TUTHILL.

"Approved by me this 30th day of June, 1898.—H. BERG, *Justice of the Peace.*"

Indorsements : " Filed this 30th day of June, 1898. — H. BERG, *Justice of the Peace.*"

Kirtley v. Tuthill.

The objection to the bond is that it does not in ex-
press terms designate the obligee.

Our justice's code was originally taken almost word
for word from Ohio, and no change or amendment has
been made therein that in any way affects the ques-
tion at issue.   The same form of an appeal bond as
the one in controversy has been sustained by the su-
preme court of Ohio and has been in quite general use
both in that state and in Kansas.   In *Job v. Harlan*,
13 Ohio St. 490, the supreme court of that state dis-
posed of this identical question in the following lan-
guage :

"There is nothing in the objection that the under-
taking is not, in express words, made to the ' adverse
party.'   It is entitled in the action, and taken and
approved by the justice trying it.   The docket shows
that Weakly was surety for the appeal of this cause,
and that the ' appellant ' specified in the undertaking
is the plaintiff, Harlan, and the appellee, or ' adverse
party,' is, of necessity, the defendant, Job.   In this
view, the undertaking is a substantial compliance
with the statute.   Besides, section 112 is, in this re-
spect, identical with section 41 of the former statute
(Swan's St. of 1841, 512), and yet in the form given
on page 527, for a recognizance under that section, the
' adverse party,' is not named, nor expressly alluded
to, and the form there given is identical with the one
used in the present case.   The legislature, therefore,
in using the same words, in the same connection, must
be supposed to have sanctioned the legislative con-
struction which had been put upon them."

In *Wile et al. v. Koch*, 54 Ohio St. 608, 44 N. E. 236,
the supreme court of Ohio had an appeal bond of the
same form before them, except that the bond was
blank as to the name of the appellant and as to the
amount of the limit of the liability of the surety, and
yet the bond was sustained.

If the question were a doubtful one, the fact that

this identical form of an appeal bond has been in quite general use in the state and territory for forty years and has not been held illegal by our supreme court should be given some weight in determining it. As was said in *Harrison v. Benefit Society*, 61 Kan. 134, 59 Pac. 267, "the rule is well settled that in all cases of ambiguity the contemporaneous construction not only of the courts, but of the departments, and even of the officials whose duty it is to carry the law into effect, is controlling."

The judgment of the district court is reversed, and a new trial directed to be had in accordance with the views herein expressed.

MAHAN, P. J., concurring.
McELROY, J., dissenting.