## DRAINAGE DIST. No. 5, OKLAHOMA COUNTY, v. FERRELL.

No. 1632. Opinion Filed March 19, 1912.

(122 Pac. 698.)

**DRAINS—Proceedings—Appeal—Bond.** In an appeal from an order of the county commissioners to the district court under what is known as the "Drainage Act" (chapter 32, Comp. Laws 1909, sec. 3057), it is essential to the jurisdiction of the district court that a bond be given in substantial compliance with the provisions of the statute; but where a bond is given, within the time prescribed, in the sum fixed, properly describing the parties, court, and judgment or order appealed from, with the statutory conditions, signed by the appellant, and reciting a deposit of cash in the full sum of the liability, and the cash is so deposited with the bond as part thereof, and the bond is duly accepted and approved by the proper officer, and is lodged, with the original papers and transcript of the proceedings, in the district court, held that, although irregular and defective, the bond is not void, and that, upon motion to dismiss the appeal, it is within the discretion of the court to permit the appellant to amend the same, or file a new and correct bond in substitution of the irregular and defective one.

(Syllabus by Brewer, C.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Proceedings by C. E. Ferrell against Drainage District No. 5, Oklahoma county, before the board of county commissioners. From a judgment of the superior court on appeal from the order of the board of county commissioners, the drainage district brings error. Affirmed.

*T. F. McMechan* and *George P. Glaze,* for plaintiff in error.

*W. M. Engart* and *W. A. Staley,* for defendant in error.

Opinion by BREWER, C.   This action was tried in the superior court of Oklahoma county on appeal from an order of the board of county commissioners of Oklahoma county, and was prosecuted under what is known as the "Drainage Act," which went into effect March 23, 1909.   Chapter 32, Comp. Laws 1909.

The cause was tried, commencing on December 15, 1909, to a jury, and resulted in a verdict and judgment in favor of defendant in error in the sum of $650.   The cause comes here for review on a transcript of the record, and the plaintiff in error assigns the following errors:   First. The court erred in overruling the motion of plaintiff in error to dismiss the appeal. Second. The court committed error in granting leave to defendant in error to file a new appeal bond.   Third. The court committed error in overruling the objection to introduction of evidence.   Fourth. The court erred in overruling the motion to dismiss the appeal, made at the commencement of the trial of the cause.   These assignments of error, in fact, raise one question, *i. e.,* the jurisdiction of the court to hear the appeal.   And the challenge of the court's jurisdiction is predicated solely on the alleged failure of the defendant in error (appellant below) to file the bond required by statute in appealing from the order of the county commissioners.

Section 3057, Comp. Laws 1909, after designating how an appeal may be taken from an order of the county commissioners,

and providing how the amount of the appeal bond shall be fixed, says:

"And the appellant shall, within ten days thereafter, file with the county clerk a bond payable to the state of Oklahoma, in an amount not less than that previously fixed, with at least two good and sufficient freehold sureties, conditioned to pay all costs of the appeal if the appeal be denied or dismissed. If the clerk approve the bond, he shall thereupon make and certify a transcript of the proceedings had before the commissioners relating to all matters involved in the appeal, and transmit the same, together with all original papers in the cause, on file in his office, to the clerk of the district court within thirty days from the date of the approval of said bonds."

The defendant in error, in taking his appeal from the order of the county commissioners, filed a bond in the correct amount of $100, and in the usual form and with the statutory condition, except that it recited that: "C. E. Ferrell, as principal, and one hundred dollars in cash, as surety, are bound." It was signed by Ferrell alone. Indorsed at the bottom of the bond is the following: "One hundred dollars in cash deposited with clerk for bond." Then follows the formal approval of the bond by the clerk, and the clerk's signature and indorsement of filing.

The clerk of the county court certified a transcript of the commissioners' proceedings and order, together with a copy of the appeal bond, and lodged the same, with the $100 cash, in the superior court. The question of jurisdiction was raised in the superior court by a motion to dismiss the appeal.

Upon filing the motion to dismiss the appeal, defendant in error asked and was allowed, over objections of plaintiff in error, to file a new bond with two sureties, as provided by statute. The only attack made on the form of this new bond is that the language of the bond does not in terms describe the sureties as "freehold sureties."

Counsel cite *Vowell v. Taylor et al.,* 8 Okla. 625, 58 Pac. 944, *Brickner v. Sporleder,* 3 Okla. 561, 41 Pac. 726, and *Beckwith v. Kansas City & O. R. Co.,* 28 Kan. 485, to sustain their contentions in this case. The first two of these cases involved the question of appeal from a justice of the peace court. In the Vowell

384 SUPREME COURT OF OKLAHOMA.

Drainage Dist. No. 5, Oklahoma County, v. Ferrell.

case, *supra,* no bond of any character was executed, shown on the transcript, or lodged in the district court with the papers. This case is not in point. The case of *Beckwith v. Kansas City & O. R. Co., supra,* cited by counsel, is not in point, for the reason that there was no bond of any kind filed upon which to base the appeal; and, there being no bond of any kind, regular or irregular, the court properly held that the appellate court acquired no jurisdiction. The Brickner case, *supra,* was decided under the Statutes of 1890, which have been changed since, and of which the phraseology· is very different from that of the statute involved in the case at bar, but, as an analogous proposition, supports counsel's contention. But, inasmuch as this is not an appeal from a justice of the peace court, but is taken under an entirely different statute, the conditions and purposes of the bond being entirely different, that decision is not controlling in this case.

It may be admitted that the filing of a bond is a prerequisite in cases of this kind. But must the undertaking conform in every possible way with the requirements of the statute? Or is the filing of a bond in substantial compliance with the statute, duly approved by the proper officer, sufficient upon which to found jurisdiction in the district court?

In *Hass v. Lees,* 18 Kan. 454, it is said:

"Appeals are favored, and mere technical defects or omissions are to be disregarded, as far as possible, without obstructing the course of justice."

Is there not a difference between a purported bond that, because of its inherent vices, is a mere nullity and one that is merely irregular and does not conform to all the requirements of the statute? There unquestionably is a difference. The bond in the case at bar is a valid, binding obligation; it is in an appropriate form under the terms of the statute; it contains the names of the obligor and obligees; it is for the exact amount required; the condition is the one prescribed by statute; it was filed in time and approved by the proper officer. It was only, signed by one person, and the statute requires it to be signed by two. This is the defect; but there is deposited with the bond, and

mentioned in it as surety, cash in the full sum of the liability named in the face of the bond.

The condition required in a bond under the statute involved in this case is "to pay all costs of the appeal if the appeal be denied or dismissed." It is for the purpose, or at least its principal purpose is, to secure the costs to his adversary, if the appellant fails in his appeal. If protection against costs is the end sought by the statute, it would require ingenious reasoning to convince the ordinary person that a bond, secured to the full limit of liability by cash attached or deposited therewith as part of it, does not as adequately protect against costs as it would if signed by another person. We think that under this statute the correct rule is that, if no bond is given, or one is filed which is so defective in form and substance as to be a nullity, the district court would acquire no jurisdiction on appeal. But, if a bond is given that by its terms is a valid and binding obligation, and sufficiently describes the parties, the court, and the judgment or order appealed from, and is accepted and approved by the proper officer, then, notwithstanding it may have defects or irregularities, it is not absolutely void, but may, upon timely application therefor, be amended, or a new bond given in the district court.

In *Kirtley v. Tithill,* 9 Kan. App. 452, 60 Pac. 662, a bond on appeal which failed to state the name of the obligee was held sufficient. In *Wile v. Koch,* 54 Ohio St. 608, 44 N. E. 236, the Supreme Court of Ohio sustained an appeal, where the bond not only failed to name the appellant, but named no limit of the liability of the surety. In the case of *St. L. & S. F. Ry. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211, Chief Justice Horton, for the court, said:

"If the appeal bond was insufficient in form or amount, and the attention of the district court had been called thereto, it had the power to order a change or renewal thereof. * * * Where an appeal bond, filed and approved by a justice of the peace, is insufficient in form or amount, the party appealing should be given an opportunity by the district court where the

appeal is pending to change or renew the bond before the case is dismissed for a defect therein."

In *St. J. & D. C. R. Co. v. Orr,* 8 Kan. 420, in an appeal from the county commissioners in a condemnation proceeding, it was held that the bond for appeal, approved by the commissioners, was merely irregular, and could be cured by filing a correct bond, notwithstanding that under the law it should have been approved by the county clerk.

In *Morrison v. State,* 40 Ark. 448, it was held that an appeal bond, not approved by the justice of the peace, under a statute that required his approval, was not a valid statutory bond, and that no judgment could have been rendered on it; but that the circuit court, in its discretion, might have allowed a correct bond to be filed. See, also, *Miller v. Heard,* 7 Ark. 50. That an appeal should not be dismissed for a defect in the bond, where the appellant offered to enter into a correct bond in the circuit court, was decided in *Carter v. Pickard,* 11 Ala. 673. See, also, *Appleton v. Turrentine,* 19 Ala. 706.

A bond insufficient in form may be amended or a correct one submitted under the procedure of California. *Stark v. Barrett,* 15 Cal. 361; *Gray v. Court,* 61 Cal. 337. A defective bond may be cured in the district court of Iowa by filing a correct one. *Brock v. Manatt,* 1 Iowa, 128. In the case of *Russell v. Monson,* 33 Conn. 506, where the appeal bond recited that the appeal was taken to the county court when it should have been taken to the superior court, it was held to be merely defective. In *Trustee v. Starbird,* 13 Ill. 49, it was held that, where a party undertakes to appeal from the decision of a justice of the peace, and makes such an attempt at the execution of an appeal bond, and the proper officer accepts it, when objection is made, he should be permitted to supply the defect. In that case, the party taking the appeal had not signed it, as required. In *Jones v. Davis,* 4 Mo. 28, it was held that, although the justice of the peace did not approve the bond, the circuit court could permit a new bond to be given. A case very much in point is that of *Farnam v. Davis et al.,* 32 N. H. 302. It is held:

"The want of two sureties on a recognizance entered into upon an appeal from the judgment of a justice of the peace, in a civil cause, is merely an irregularity in the proceedings, and not a jurisdictional exception."

In that case, two sureties were required by the statute. See, also, *People v. Erie*, 6 Wend. (N. Y.) 549; *Reynolds v. Rensselaer*, 11 Wend. (N. Y.) 174.

The contention that the new bond allowed in this case is a nullity, because the sureties are not specifically described in the bond as "freeholders," we do not think can be sustained. There was no specific question raised as to whether, in fact, they were freeholders. It is urged that the fact must be affirmatively shown in the undertaking. Counsel cite no authorities sustaining this contention, and we have found none in the investigation we have made. If the sureties offered were not freeholders, and upon timely objection for that reason this fact was ascertained, then they would not be sufficient, and competent sureties would have to be offered. But, in the absence of such objection and determination, we do not think the failure to use the statutory words in describing the sureties was fatal, or rendered the bond illegal.

The judgment should be affirmed.

By the Court: It is so ordered.