No. 26,374.

MIKE CAVLOVIC and IVAN RAHIJA, *Plaintiffs,* v. WILLIAM R. BAKER, as Superintendent of Insurance, DRAGAN SAMBOL, as President, M. J. TOMASIC, as Secretary, and JOSIP FABAC, as Treasurer, of the ST. JOSEPH NATIONAL CROATIAN BENEFICIARY ASSOCIATION, *Defendants.*

SYLLABUS BY THE COURT.

1. INSURANCE—*Mutual Benefit—Ratification of Contract of Merger.* Under the provisions of R. S. 40-721, a ratification of a contract of merger of fraternal beneficiary associations may be accomplished by an affirmative vote of a majority of the members of the supreme legislative body of such organizations, to be sent in writing to the principal office and there counted by the managing board of the organization without an approving vote of the individual beneficiary members of such organizations.

2. SAME. An affirmative vote of the beneficiary members is required to ratify the action of the members of the supreme legislative body of the organization who cast an affirmative vote on the proposition of merger when assembled in regular or special session.

Original proceeding in mandamus. Opinion filed April 24, 1925. Writ denied.

*Jerome S. Koehler,* of Kansas City, for the plaintiffs.

*James M. Meek,* and *George R. Allen,* both of Kansas City, for the defendants.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding challenges the validity of a consolidation or merger of fraternal beneficiary associations, to wit: The Croatian League of Illinois, the National Croatian Society, chartered under the laws of Pennsylvania, and the St. Joseph National Croatian Beneficiary Association, organized under the laws of Kansas. A contract of merger was made by the members constituting the supreme legislative body of the society which was presented to the superintendent of insurance for approval. After several hearings and on March 24, 1925, the superintendent of insurance decided that the contract of consolidation and merger was just and equitable to the members of each organization and issued a certificate as evidence of his approval.

Several members of the St. Joseph National Croatian Beneficiary Association contend that the contract is invalid, basing their contention on the fact that it has not been submitted for the ratification

of the beneficiary members of the organization. It is the claim that although the contract was not submitted to the assemblies of the beneficiary members of the association for their ratification, they did upon their own initiative take a vote on the proposition of merger and a majority of the members attending the meetings voted against the merger.

The controlling question in the case is whether or not a merger can be accomplished without an affirmative vote of a majority of the beneficiary members of the organization voting upon the proposition. No question is raised as to the right of the plaintiffs to bring the action, and assuming that they have that authority we will consider the statute authorizing the merger of such associations. The provision under which the merger was made and subsequently approved by the superintendent of insurance is as follows:

"To effect such consolidation, merger, transfer or reinsurance, it shall be necessary for the organizations contemplated in section 1 of this act, to file with the superintendent of insurance a copy of their contract, signed by the president and secretary, or corresponding officers, of the contracting organization, together with a sworn statement of the financial condition of each. Such contract shall provide for the continuance of the insurance of all the members of both organizations: *Provided,* The consolidated organization or the organization taking over the members shall have the same defense to any certificate that the organization had which issued the same. Such contract shall provide for its ratification by an affirmative vote of the majority of the members of the supreme legislative body of such organizations to be sent, in writing, to the principal office and there counted by the managing board of said organization; or by an affirmative vote of a majority of the members of the supreme legislative body of such organization, assembled in regular or special session and by an affirmative vote of a majority of the beneficiary members of such organization voting upon said proposition. If one of the contracting parties shall be an incorporation of another state, the superintendent of insurance shall require satisfactory proof that such organization has fully complied with the laws of such other states.

"Upon the submission of said contract, financial statement and proof of compliance with the laws of the state of its incorporation (if one of such contracting parties be incorporated in another state) the superintendent of insurance, if satisfied that the consolidation, merger, transfer or reinsuring is just and equitable to the members of each of said organizations, shall approve said contract and notify the respective parties to said contract of his approval, and said contract shall not become effective until approved by the superintendent of insurance." (R. S. 40-721.)

It is conceded that a valid merger or consolidation of fraternal beneficiary associations cannot be made without statutory authority, and when such authority is given the methods prescribed in the

statute must be substantially followed. The intent of the legislature as manifested by the language of the act and the steps taken in pursuance of its provisions must determine the question submitted. Defendant contends that two methods for effecting a merger are provided, the first being an affirmative vote of the majority of the members of the supreme legislative body who are to send their votes in writing to the principal office of the organization to be counted. The second being by a majority of the votes of the supreme legislative body assembled in regular or special session, and when the second method is employed it is to be ratified by an affirmative vote of the majority of the individual beneficiary members voting on the proposition.

The plaintiff contends that the true interpretation of the act is that a merger may be initiated by a vote in writing of the delegates constituting the supreme legislative body, transmitted in writing or by a vote of the delegates of that body assembled in regular or special session, but that the votes of the members of the supreme legislative body whether sent in writing or expressed *viva voce* when they are assembled in regular or special session must also be ratified by an affirmative vote of a majority of the beneficiary members of the organization voting on the proposition. The legislative history of the act is that the bill introduced in the legislature provided for three distinct methods, one by the written vote sent in by the members of the supreme legislative body, or by an affirmative vote of such members cast while they were in regular or special session, or by an affirmative vote of the majority of the beneficiary members. When the bill came before the senate a motion was made and carried to strike out the last "or" occurring after the words "providing for a vote in regular or special session," and insert in place of it the word "and." As written no punctuation point was inserted before the word "and." It is the view of the court that two methods of merger are authorized by the act and that the first method, a ratification by members of the supreme legislative body sent to the principal office in writing, is separate and distinct from the one which follows. It is separated by the disjunctive "or" and is deemed to be as independent and distinct as if placed in a separate section and the additional method had been put in an added section. The amendment changing "or" to "and," and the grammatical sense of the section as altered, in the view of the court, makes the provision for a vote of the individual beneficiary mem-

bers a qualifying phrase and should be interpreted as applicable
only to the provision or clause immediately preceding it.   (2 Lewis'
Sutherland Statutory Construction, 2d ed., § 420, and cases there
cited.)   Under this rule if the first method is followed ratification
by the individual beneficiary members is not required, but if the
second method is employed, the approving vote of the individual
membership is necessary.   For reasons of its own the legislature
required confirmation of a vote taken by the legislative delegates
in a special or regular session.   The intention of the legislature is
to be determined from the language of the statute enacted, and it is
the judgment of the court that applying the ordinary rules of con-
struction it is manifest that the qualifying phrase providing for a
membership vote refers to the last antecedent alone and is not ap-
plicable to the earlier and remote provision which is complete in
itself.   The true meaning of the statute is to be ascertained from
the whole purview of the same, and looking at the following section
of the act it seems to the court that two methods of merger were
within the contemplation of the merger.   It is provided:

"In any case where a fraternal beneficiary association has entered into a
consolidation or reinsurance contract with another fraternal beneficiary asso-
ciation, and such contract has already been submitted for ratification and
approval in either of the ways provided for in section 2 of this act," etc.   (R. S.
40-722.)

"In either of the ways provided for in the preceding section,"
carries with it the idea that two methods, each independent of the
other, were provided for a consolidation of such associations.

Again, if the meaning of the statute in respect to methods of mer-
ger can be regarded as obscure or doubtful, the operative interpre-
tation given to it by the executive officers of the state charged with
its administration and which has been acted upon for many years
should not be lightly overturned.   The statute was enacted more
than thirteen years ago.   In the administration of the act the su-
perintendent of insurance and others have interpreted the act as
authorizing a merger under the first method without ratification by
the beneficiary members.   It is said that the records show that
about fifteen mergers have been effected under this theory which
have involved large amounts of insurance.   Although this interpre-
tation was well known and of which the legislature must have been
cognizant, it has never manifested any dissent from that view.   On
the contrary it has apparently been satisfied with the interpreta-

tion, as it has since mergers were effected had the act under consideration and amended it in other respects, but did not undertake to amend it in regard to methods of the ratification of a merger. Judicial notice may be taken of a practical or operative construction of a statutory provision, and where there is ambiguity in the statute such a construction should be allowed great and oftentimes determining weight. (*Harrison v. Benefit Society*, 61 Kan. 134, 59 Pac. 266; *Bank v. Reilly*, 97 Kan. 817, 156 Pac. 747; *Schur v. School District*, 112 Kan. 421, 210 Pac. 1105.) See, also, 36 Cyc. 1140; 2 Lewis' Sutherland Statutory Construction, 2d ed., § 474.

The conclusion of the court is that the merger contract having been ratified by the affirmative vote of a majority of the members of the supreme legislative body of the organization, which was sent in writing to the principal office of the organization, and there counted and found to be sufficient, and having been approved by the superintendent of insurance is valid and binding alike on the beneficiary members and the officers of the association.

The writ asked for is therefore denied.

BURCH, J., concurs in the judgment.

JOHNSTON, C. J. (dissenting): Briefly my view is that the legislature intended that the steps towards merger might be initiated by the votes of the members of the supreme legislative body sent in writing to the principal office or by a vote of such members in a regular or special session, but whether the vote is transmitted in writing or expressed in a meeting of the legislative body, the essential and final step in the approval of a merger contract is the affirmative vote of the beneficiary members. These members are the ones directly affected while the members of the legislative body are their representatives. I can conceive of no good reason why ratification by the beneficiary members should be required of the vote taken in a regular or special session of the legislative body and not of the mail order vote of the members of the legislative body. It would seem that the vote taken in the assembly where there was open consideration and debate would not need ratification by the beneficiary members so much as where each member acting by himself sent in his vote in writing without consultation with other members and when he had not heard a discussion for and against the policy of the merger. To my mind the intention

of the legislature in amending the bill was to provide a check on the officers and delegates who might not understand the wishes of their constituents, the individual members, or who might be actuated by other motives than the best interests of the association and that it was further to provide greater security by requiring the approving vote of the beneficiary members. We cannot assume that the amendment was inadvertently made or that the change was made for other than a good reason and to accomplish the manifest purpose of the legislation on the subject. It was evidently a restriction on the delegates as security against their illy considered action and it seems to me applies alike to both methods of voting by the delegates. It appears that the members of the association voted adversely upon the proposition at meetings of the four local assemblies and that after this vote against the merger had been taken, there was also a petition protesting against the merger which was signed by more than a majority of all the beneficiary members of the association.

I see no room for the application of the rule of operative interpretation in the case. The practical interpretation amounted to no more than the opinion of the insurance department and it does not appear that in the administration of the law this particular question was brought directly to the attention of the superintendent until the instant merger was considered by him. Besides it appears that the attorney-general, the legal advisor of the superintendent, had previously given an opinion that a vote of the beneficiary members was essential to the ratification of a merger, whatever method was used.

Harvey, J., joins in the dissent.