No. 46,913

STATE OF KANSAS, *Appellant,* v. HENRY M. HELGERSON, and J. ALLEN BRAZIL, *Appellees.*

(511 P. 2d 221)

Opinion filed June 9, 1973.

*Vern Miller,* Attorney General, *Keith Sanborn,* District Attorney, and *David P. Calvert,* Deputy District Attorney, were on the brief for the appellant.

*William C. Farmer* and *Roger D. Hughey,* of Smith, Shay, Farmer, and Wetta, of Wichita, were on the brief for the appellees.

*Per Curiam:* This is an appeal by the state upon a question reserved from a judgment acquitting appellees of misdemeanor charges of operating restaurants without licenses contrary to K. S. A. 1971 Supp. 36-303. The case was tried to the court upon stipulated facts.

For many years appellees have operated a food service business at Henry Levitt Arena on the Wichita State University campus. Because appellees sell hot dogs, they are required by K. S. A. 1971 Supp. 36-301 to procure a restaurant license from the State Food Service and Lodging Board. They have procured a license for the arena operation each year. Hot dogs are sold at five of the eleven concession counters in the arena. This action arises from the state's contention that appellees must procure a separate restaurant license for each concession counter at which hot dogs are sold.

Suppliers deliver precooked hot dogs and buns to appellees' centrally located cooler at the arena. When the arena is in use, the hot dogs and buns are taken from the cooler to the five concession counters which are equipped with rotisseries to warm the hot dogs.

Similar businesses operate at the other state universities and the State Food Service and Lodging Board has issued only one license to the concessionnaires at the various field houses. The trial court found the five separate counters did not constitute five separate restaurants and appellees were required to procure only one license.

K. S. A. 1971 Supp. 36-301 (*c*) defines "restaurant" as follows:

" 'Restaurant' shall mean any food service business, fixed or mobile, coffee shop, dining room, cafeteria, short order cafe, luncheonette, grill, tearoom, sandwich shop, drive-in, soda fountain, tavern, bar, night club, roadside stand, industrial feeding business, food vending machine or catering kitchen, but shall not include any such business operated by a hospital not organized for profit, if such hospital is licensed by the state board of health as required by law."

K. S. A. 1971 Supp. 36-105 and 36-303 require any person operating a restaurant to obtain a license annually for each restaurant so operated. K. S. A. 1971 Supp. 36-109 imposes misdemeanor penalties for failure to comply with the license requirement.

The statutes clearly require a person operating two or more restaurants to obtain a separate license for each restaurant. The question is whether each arena concession counter is a "restaurant" under the statute.

The result reached by the trial court is correct. There is only one premise where food is sold, there being several service counters within the common area of the building. The declaration in K. S. A. 36-302 of legislative policy in requiring licensing would hardly be better served if appellees procured five licenses for the arena operation rather than one.

However, the trial court's sensible ruling can be sustained on another ground. The State Food Service and Lodging Board has for years required appellees to have only one license. There is no indication that the board has requested appellees to procure more than one license. In its past treatment of appellees and concessionnaires at the other state universities, the board has obviously construed the definition of "restaurant" in K. S. A. 1971 Supp. 36-301 to mean that only one restaurant is being conducted in the arena. This court has long given great weight under the doctrine of operative construction to the interpretation of a statute by the administrative body charged with enforcing the statute. (*Southwestern Bell Telephone Co. v. Employment Security Board of Review*, 189 Kan. 600, 607, 371 P. 2d 134; *Harrison v. Benefit Society*, 61 Kan. 134, 59 Pac. 266; *Cavlovic v. Baker et al.*, 118 Kan. 412, 234 Pac. 1009.) Although the court in *Tillotson v. Abbott*, 205 Kan. 706, 472 P. 2d 240, did not give controlling weight to the decision of the State Food Services and Lodging Board that an apartment owner was not required to procure a license, the board's decision was considered significant and the court determined that it was not erroneous. In this case, there is

no dispute that appellees are required to have a license and the only question is how many licenses they must have to operate within a single building with only one common area. Here the board's interpretation of the statute comports with legislative intent, is reasonable and should be given controlling effect.

The decision of the court below is affirmed.