WALTER D. BAIRD AND OTHERS v. THE MODERN
SAMARITAN AND OTHERS.[1]

March 13, 1925.

No. 24, 393.

**Action does not lie by member of domestic fraternal order to correct irregularities in its governing bodies.**

A member in a domestic fraternal insurance association has no right to resort to the courts to correct irregularities or illegal acts of the supreme or subordinate governing bodies of such association relative to the selection of delegates or to any other matter in the methods of conducting its business. A suit of that nature can be maintained only by the attorney general of the state.

*Headnote 1. See Mutual Benefit Insurance, 29 Cyc. p. 200.

Action transferred to the district court for St. Louis county. From an order, Magney, J., sustaining defendants' demurrer to the complaint, plaintiffs appealed. Affirmed.

*G. U. Blomholm* and *H. E. Wheeler*, for appellants.

*Thomas A. Gall*, for respondents.

HOLT, J.

Plaintiffs appeal from an order sustaining a demurrer to the complaint.

The defendant corporation is a domestic fraternal insurance association and the other defendants are the ostensible members of its governing body. The complaint alleges a conspiracy among the latter to obtain control of the former by election of ineligible delegates to its Grand Council of this state and to the Imperial Council; by the election of delegates to the Imperial Council from four states not entitled to representation; by excluding persons duly elected to the Imperial Council from participation therein; and that thereby they procured the Imperial Council to abolish the Grand Council

[1]Reported in 202 N. W. 498.

of this and other states, to substitute quadrennial for biennial meetings, to reduce the members of the executive board from 9 to 7, to deprive the president of his previous authority and to change his salary and working time, to vote disproportionate salaries to themselves, to cause to be elected to the executive board improper persons who are under the control of the conspirators and who do not reside at Duluth, the place of business of the company, and that the defendants other than the company are doing numerous and various acts calculated to impair the financial stability of the company and seriously injure the value of plaintiffs' membership and insurance. Some other allegations of a similar character charge defendants with wrongful change of the manner of conducting the business of the company.

No question can be made of the sufficiency of the complaint but for this statute: "No action or proceedings to discontinue or enjoin, in whole or in part, the business or methods of any such domestic association, or to appoint a receiver therefor, or to dissolve the same, or in any manner affecting its corporate rights, except for failure to pay final judgment, or to oust any foreign association or enjoin it from transacting business in this state, shall be entertained by any court except on the suit of the attorney general of this state." (Section 3482, G. S. 1923.) This action is not brought or sponsored by the attorney general. But plaintiffs contend that the section quoted must be read and construed in connection with the preceding section. No doubt the two sections involve a general plan of supervision and control of fraternal beneficiary association, but section 3481 relates to the supervision to be exercised by the insurance commissioner upon whose initiative the attorney general may bring suit. Thereunder members with grievances may no doubt appeal to the insurance commissioner for redress. Should he refuse they still have the opportunity under section 3482 to convince the attorney general of his duty to proceed. Unless dissatisfied members of a fraternal insurance association are able to induce either the insurance commissioner or the attorney general to move to rectify the conduct of the association or its governing body as to its business or methods, we think they can have no redress through

the courts. Good reasons readily suggest themselves for the enact-ment of section 3482. In associations of this sort every one insured is a member. If any dissatisfied or disgruntled member on his own motion may drag the association and its governing body into court as to the conduct of its business or methods of procedure, its use-fulness will be seriously impaired and its very existence endangered. The mere fact that an action is brought affects the standing of such an association, without regard to whether or not any basis exists for so doing. Plaintiffs claim that "business" and "methods" in the statute relate to the same thing and mean only obtaining insur-ance contracts, since that alone is what the corporation exists for, and they say this action is not in any manner to stop or retard the accomplishment of that purpose. We do not sustain this conten-tion. Clearly the statute is broader. "Business and methods" em-brace the conduct of the corporation in the selection of its supreme or subordinate governing bodies and their conduct of the affairs of the corporation as well as the ultimate object of insurance. The right of a member to sue the company upon any grievance or cause of action personal to himself, and not affecting the government of the association or its general methods of doing business with all members alike, is not interfered with. For if there is a failure of a fraternal insurance association to pay a judgment obtained against it in such a cause, then, under the statute quoted, the judgment creditor may proceed to have a receiver appointed for the association.

The learned trial court rightly sustained the demurrer to the com-plaint.

Order affirmed.