SOPTICH v. ST. JOSEPH NAT. CROATION BENEFICIARY ASS'N et al.

District Court, D. Kansas, First Division.
January 18, 1926.

No. 741-N.

Jerome S. Koehler, of Kansas City, Kan., for plaintiff.

Anthony Lucas, of Pittsburgh, Pa., and James M. Meek, of Kansas City, Kan., Geo. R. Allen, of Topeka, Kan., and O. L. Miller, of Kansas City, Kan., for defendant.

POLLOCK, District Judge. This is a suit by plaintiff, a member of the St. Joseph National Croation Beneficiary Association, created under the fraternal benefit insurance laws of this state, who alleges himself to be a member of that association, in good standing, as against the association itself, and

many of its officers and members, for the appointment of a receiver of the assets of the association, and for an accounting and division of such assets.

The ground on which action is taken and relief is prayed grows out of the merger of the defendant association with other associations of like character. By way of defense and answer to the bill, it is strenuously contended by defendants this suit should be dismissed for the reasons: (1) Want of diversity of citizenship of parties; (2) amount in controversy not sufficient to confer jurisdiction on this court; and (3) want of jurisdiction of this court over the subject-matter of the suit.

In considering these several objections to the jurisdiction of this court it may be said: As this suit is brought as a class suit, that is to say, one for the use and benefit of all the members of the association opposing the merger, it is evident if properly so brought the amount in controversy is not limited to the face value of the certificate of membership held by plaintiff, but only by the interest of the members regarded as a class in the affairs of the association and its assets.

The plaintiff is a citizen of the state of Missouri. As alleged in the answer, Miho Miljafac and Rudolph Brajak, named defendants to the bill, are also citizens of the same state with plaintiff. Now, as this case is submitted for decree on bill and answer, it is well settled, for the purpose of determination, this allegation of the answer must be treated as true. If, therefore, said defendants are necessary parties to the controversy, then there is in this suit no diversity of citizenship, for all necessary defendants, adverse to plaintiff in interest in the subject-matter of the controversy, must be citizens of a state other than that of which plaintiff is a citizen, namely, Missouri. Whether if plaintiff had omitted to make these named defendants, citizens of the same state with himself, parties defendant at all, such omission would have been fatal to any decree because the omitted parties are indispensable to a decree, need not be here considered. For by bringing said defendants onto the record as parties defendant plaintiff concedes them to be adverse in interest to the class which he represents, but this diversity of interest cannot be determined by this court because of identity of state citizenship.

Again, conceding, but not deciding, by a dismissal of said defendants from the suit because their presence ousts this court of jurisdiction, plaintiff could bring the case within the jurisdiction of this court in so far as diversity of citizenship of parties are concerned, there is still another serious objection to the maintenance of this suit by plaintiff, which objection is this: This is a suit, the principal purpose of which is to obtain a decree of dissolution of a fraternal benefit association organized under and governed by the statute laws of this state. As incidental to the main purpose of the suit, an accounting of the assets of the association is prayed, as is the appointment of a receiver for assets, etc.; but the suit is a winding-up suit brought as a class suit by a member of a fraternal benefit association. The gravamen of the charges made by plaintiff is the merger of defendant association with other like societies. Not alone does the law under which defendant's association was created authorize such mergers, but the identical merger complained of by plaintiff in this suit has in quo warranto proceedings been considered and declared legal and for the best interests of all concerned by the Supreme Court of this state in Cavlovic et al. v. Baker, 118 Kan. 412, 234 P. 1009. Not only so, but an attempt was made to prevent this merger by a member of the association who opposed it, and it was held by the Supreme Court of the state, in Cavlovic et al. v. Officers of St. Joseph N. C. B. A. et al., 117 Kan. 545, 232 P. 598, a member in a fraternal benefit association created under the laws of this state has no right or authority to bring or maintain such a suit, but that state officials named in the law have alone such right of suit.

The question here presented is, does a member of such an association have the right to bring a suit to destroy the association, wind up its affairs and close its existence, or, is the exclusive right of so terminating such an association under the law of its creation reposed in officials of the state?

Section 40—716, R. S. Kansas 1923, in part, provides as follows: "Any association authorized to do business under this act refusing or neglecting to make the reports provided for in this act, or which shall exceed its powers, or shall conduct its business fraudulently, or which shall take steps to remove any suit commenced against it in any of the courts in this state to any of the courts of the United States, or which shall fail to pay any judgment rendered against it in any court in this state, unappealed from, within sixty days of the rendition of such judgment, or which shall fail to comply with any of the provisions of this act, shall be excluded from doing business within this state.

568

Whenever it shall come to the knowledge of the superintendent of insurance that any association authorized to do business under the provisions of this act has so conducted its business as to render it liable to exclusion as herein provided, he shall give notice in writing to the attorney-general, who shall immediately commence an action in one of the district courts of this state to enjoin such association from soliciting any new business within this state. No association doing business under this act shall have authority to solicit or initiate new members after notice of the commencement of such injunction proceedings by the attorney-general, until such time as such injunction proceedings shall be finally disposed of. If, pending such proceedings, the occasion thereof shall be removed and the costs of such proceedings paid by such association, the proceedings may be dismissed by the attorney-general on recommendation of the superintendent of insurance, and thereupon, said association shall be allowed to again transact business in this state. In case of a perpetual injunction allowed, under the provisions of this section, against an association incorporated under this act or other law of Kansas, such injunction shall be sufficient cause for the appointment of a receiver by any court of competent jurisdiction, to wind up the affairs of such association. No injunction shall be granted by any court in this state against any association authorized to do business under this act, except on application of the attorney-general, at the request of the superintendent of insurance."

In my judgment it was the intent of the lawmaking power of this state to withdraw all power to bring and maintain suits of the character of this present suit from members of the association and reposes this confidence only in the superintendent of insurance and the Attorney General of the state. I am impelled to this conclusion by the decisions of the Supreme Court of this state construing the statutes of the state under which defendant association was created and by which it is governed. Cavlovic et al. v. Officers of St. Joseph N. C. B. A. et al., supra; Albach v. Fraternal Aid Union, 100 Kan. 511, 164 P. 1065. The latter suit was brought by certain members and insurance certificate holders of a fraternal insurance corporation of Kansas, and a like corporation of Colorado for forming a merger, charging irregularities, fraud, etc., in bringing about the merger, praying for appointment of receiver and for a segregation of the assets and affairs of the merged corporation, and to restore the independence of the Kansas corporation. It was held: "That where there is no powerful and peculiar equity involved, an action of such gravity can only be commenced in the name of the state on the relation of its responsible legal representative, and that the plaintiffs as private individuals can not maintain it."

That such has been the holding of courts generally on this subject of fraternal benefit associations in construing the statutes under which they are created, see Frank McGarry v. John J. Lentz et al. and American Insurance Union, 9 F.(2d) 680, decided by the District Court, Southern District of Ohio; Baird et al. v. Modern Samaritan et al., 162 Minn. 274, 202 N. W. 498.

It follows the bill of complaint must be and is dismissed.

It is so ordered.