**McGARRY et al. v. LENTZ et al.**

(Circuit Court of Appeals, Sixth Circuit. May 4, 1926.)

No. 4625.

**1. Courts ⬡259—State legislation cannot limit or control jurisdiction of federal courts.**

State legislation cannot limit or control jurisdiction of federal courts, nor preclude resort to such courts in a class of cases in which federal courts of equity have theretofore been accustomed to exercise jurisdiction.

**2. Corporations ⬡174—Statutory regulations then existing become part of contract of membership.**

A state has power to regulate, and to prescribe or limit the rights of members of corporations of its own creation, and where such regulations are in force when an individual becomes a member of the society or corporation, their provisions become a part of the contract of membership, and are controlling in defining his rights.

**3. Courts ⬡259—Insurance ⬡689—Statute precluding suit by individual member for injunction or dissolution of fraternal benefit society held valid regulation of fraternal societies, and not attempt to limit jurisdiction of courts, and was a bar to injunction suit in federal court by a member (Gen. Code Ohio, § 9487).**

The provision of Gen. Code Ohio, § 9487, relating to fraternal benefit societies, that "no application for injunction against or proceeding for the dissolution of or the appointment of a receiver for any such domestic society or branch thereof shall be entertained by any court in this state unless same is made by the Attorney General," *held* not intended as a limitation on the jurisdiction of courts, which would include federal courts in the state, but a regulation limiting the rights of individual members of such societies, and which was a bar to a suit for injunction in a federal court by a member against the society, not for want of jurisdiction in the court, but for want of right of action in complainant.

Appeal from the District Court of the United States for the Eastern Division of the Southern District of Ohio; Benson W. Hough, Judge.

Suit in equity by Frank McGarry and others against John J. Lentz and others. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 9 F.(2d) 680.

A. I. Vorys and Smith W. Bennett, both of Columbus, Ohio (Bennett, Westfall & Bennett and Vorys, Sater, Seymour & Pease, all of Columbus, Ohio, on the brief), for appellants.

Henry A. Williams, of Columbus, Ohio (J. D. Karns and B. W. Gearheart, both of Columbus, Ohio, on the brief), for appellees.

Before DENISON and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

HICKENLOOPER, District Judge. The appellants, complainants below, were members of and policy holders in the American Insurance Union, a fraternal benefit society incorporated under the laws of the state of Ohio, and as such filed their bill in equity in the court below against the corporation and the individuals constituting its National Board of Directors, praying for an injunction restraining the defendants from proceeding with the purchase of land and the erection thereon of a 30-story building, claimed to be solely for investment purposes, and therefore an act of the corporation in contravention of the law of Ohio. The bill also contains a prayer for an accounting as between the individual defendants and the corporation of such sums as shall be found to have been already so wrongfully expended.

To this bill of complaint the defendants answered, admitting the alleged purpose of the American Insurance Union to invest a large sum of money in the erection of a building in Columbus, Ohio, and further averring that "section 9487 of the General Code of Ohio, which is a part of the general legislation relating to fraternal benefit societies in the state of Ohio, provides that 'no application for injunction against or proceedings for the dissolution of or the appointment of a receiver for any such domestic society or branch thereof shall be entertained by any court in this state unless the same is made by the Attorney General.'" The answer also contains an averment that "said section was in full force and effect at the time plaintiff became a member of the defendant American Insurance Union and has been in full force and effect continuously and at all times since."

Motion was made by the appellants in the court below to strike the above-quoted passages, and others, from the answer, which motion was overruled, and, the facts so alleged in the answer being admitted, and being held by the court to constitute a complete defense, the bill was dismissed. Appeal is prosecuted from this judgment.

[1] This section 9487 of the General Code of Ohio is decisive of the present issue, if its provisions are applicable to affect rights asserted in the federal courts of equity. This in turn is dependent upon whether the intended purpose and effect of the enactment are to define the jurisdiction of courts "in this state" (a phrase which would include the federal courts in Ohio, Merko v. Sturm Co., 233 F.

68, 147 C. C. A. 138 [C. C. A. 6]), or are merely regulatory of corporations created under its laws. Obviously, no state Legislature can regulate, limit, or control the jurisdiction of the federal courts, nor can the laws of any state preclude resort to the federal courts, nor confer exclusive jurisdiction upon a designated state court, in a class of cases of which the federal courts of equity have theretofore been accustomed to assume jurisdiction. Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 43, 30 S. Ct. 10, 54 L. Ed. 80; Chicot County v. Sherwood, 148 U. S. 529, 534, 13 S. Ct. 695, 37 L. Ed. 546; Hyde v. Stone, 20 How. 170, 175, 15 L. Ed. 874. See, also, Terral v. Burke Constr. Co., 257 U. S. 529, 42 S. Ct. 188, 66 L. Ed. 352, 21 A. L. R. 186.

[2] On the other hand, that the state had the power to regulate the method of government, and to prescribe or limit the right of members to participate in the control, of a corporation of its own creation, cannot be doubted. The corporation being the mere creature of the law to which it owes its existence, it has very early been held "to be capable of exerting its faculties only in the manner in which that act authorizes." Head v. Providence Ins. Co., 2 Cranch, 127, 167, 2 L. Ed. 229. When the state has exercised this power of regulation prior to the time that an individual becomes a member of the society or corporation, the statutory provisions also become a part of the contract of membership and are controlling in the definition of the rights of the members. Rundel v. Life Ass'n of Am. (C. C.) 10 F. 720; Brown v. Equitable Life Assur. Soc. (C. C.) 142 F. 835; Relfe v. Rundle, 103 U. S. 222, 226, 26 L. Ed. 337; Cummings v. Supreme Council, Royal Arcanum (D. C.) 247 F. 992. See, also, Royal Arcanum v. Green, 237 U. S. 531, 35 S. Ct. 724, 59 L. Ed. 1089, L. R. A. 1916A, 771.

[3] In construing section 9487 of the General Code of Ohio for the purpose of determining whether it is in fact merely regulatory, and thus contractually binding upon appellants, or an attempt upon the part of the state to regulate the jurisdiction of the federal courts, as courts "in this state," and as such wholly ineffective, it is helpful to consider the precise nature of such fraternal benefit societies and the necessity for such legislation and the evils which it was adapted to avoid.

In addition to their ritualistic and lodge form of organization, practically all such societies have many of the features of life, accident, and health insurance companies. In the aggregate the membership of these organizations is so large, and the effect of member-ship is so widespread, that it would seem peculiarly appropriate that the state should extend to their affairs the same supervision and control which have always been exercised in the case of other insurance companies. With the spread of their influence and the great increase in the number of policy holding members throughout the states, the fraternal benefit society has been clothed with attributes of public interest, and the state, through its Attorney General and its insurance commissioner, has assumed the power of supervision and control in many respects. This is persuasive of the conclusion that the particular provision under consideration was intended to be and is but one element of this regulation, and the further consideration of the evils which it was obviously designed to avoid adds great weight to this view.

With so large a number of policy holders as is usual, each of whom is a member of the society, and therefore with an equally large number of separate and possibly divergent views upon questions of management, the usefulness of any such society, the power of its officers and directors, and the success of its purpose might be seriously impaired, if every member were permitted, under the claim of being a cestui que trust, to litigate questions of policy or of rights affecting the membership as a whole. The need is apparent of centralizing control, and of providing the exclusive manner in which members may question acts or policies affecting the entire membership. As to all questions of internal management, including the necessity or propriety of dissolution and receivership proceedings, and not excluding current questions arising in the normal conduct of its business, as to which latter injunction or quo warranto would be the indicated remedies, we think it was intended that the decision of the board intrusted with such management should be final and conclusive, unless questioned through action, by the Attorney General of the state, or through other means provided by the by-laws of the corporation, and not inconsistent with the law of the state or its charter.

In view of the quasi public nature of fraternal benefit societies, the undoubted power of control of the state over its own corporations, the assumption of general supervisory powers and control by the state, and the necessity of and reason for a centralization of management, protected from attack except in the general interest of all, as represented by the Attorney General, we conclude that this statutory provision is purely regulatory. Our reasons for this conclusion find support in numerous decisions. See Swan v. Mutual Re-

serve Fund Life Ass'n, 155 N. Y. 9, 49 N. E. 258; Uhlman v. N. Y. Life Ins. Co., 109 N. Y. 421, 17 N. E. 363, 4 Am. St. Rep. 482; Delaney v. Anc. Order of United Workmen, 244 Mass. 556, 566, 138 N. E. 918; Baird v. Modern Samaritan, 162 Minn. 274, 202 N. W. 498; Albach v. Fraternal Aid Union, 100 Kan. 511, 164 P. 1065; Lowery v. State Life Ins. Co., 153 Ind. 100, 54 N. E. 442.

Appellants in the present case, however, insist that the effect of giving this construction to section 9487 of the General Code of Ohio is the equivalent of conceding that the state Legislature may by statute curtail the jurisdiction of the federal courts of equity. This confuses the question of jurisdiction with that of the contract rights of the complainant. While the question is sometimes loosely referred to as one involving the jurisdiction of the court over the subject-matter of the litigation, the purpose, scope, and effect of section 9487 of the General Code of Ohio, and similar provisions in other states, are those of the limitation of the rights of members and policy holders, rather than a restriction upon the jurisdiction of courts of equity.

In the present case the very contract, which created whatever rights the complainants may have, limited and defined those rights, so as to exclude the remedy now asserted. The question, therefore, is not whether the complainants are by statute precluded from asserting in this court a right given them by law, but rather whether the right was ever existent. The complainants have no rights here which do not originate under and are not founded upon their contracts of membership and policies of insurance in the American Insurance Union. The statutes of Ohio which were in force at the time such policies were issued are to be read into and considered as forming an integral part of such contracts. Under such statutory law, and therefore by their own contracts, the complainants have expressly agreed that they will prosecute no application for injunction against this society, and, in effect, that the management of the affairs of the company shall not be made the subject of litigation, except by the action of the Attorney General of Ohio, nor the subject of controversy except in the method provided by statute, or by the by-laws of the corporation consistent with statute. The case of Cummings v. Supreme Council, Royal Arcanum, supra, is directly in point in denying the right here asserted, and we do not consider that the case of Dill v. Supreme Lodge, Knights of Honor (D. C.) 226 F. 807, is inconsistent with such position.

No error, therefore, was committed by the District Court in refusing to strike the reference to this statute from the bill, or in holding that the answer presented a complete defense to this action. It is unnecessary to pass upon the other questions presented by the motion to strike.

The judgment of the court below is affirmed.