WOODS et al. v. THOMPSON et al.

ILLINOIS BANKERS' LIFE ASS'N et al. v. STRATTAN et al.

(Circuit Court of Appeals, Seventh Circuit. June 9, 1926. Petition for Rehearing Overruled October 5, 1926.)

Nos. 3705, 3706.

**1. Courts ⟨⟩329.**

Allegation that jurisdictional amount is involved is not controlling if particular averments of complaint disclose the contrary.

**2. Courts ⟨⟩328(4).**

Members of assessment insurance association, jointly suing directors and officers thereof, cannot aggregate their individual claims to produce jurisdictional amount.

**3. Courts ⟨⟩328(2).**

In action by members of assessment insurance association against officers and directors thereof, assets or funds of association in which plaintiffs have an undivided interest do not constitute amount in controversy for jurisdictional purposes.

**4. Courts ⟨⟩328(4).**

Suit by members of assessment insurance association against officers and directors thereof, not involving jurisdictional amount, held not aided by averment that it was a class suit, brought on behalf of plaintiffs and other policy holders.

Appeals from the District Court of the United States for the Northern Division of the Southern District of Illinois.

Two suits, one by Fred Strattan and another against the Illinois Bankers' Life Association and others, and the other by T. G. Thompson and others against W. H. Woods and others. Decrees for plaintiffs, and defendants appeal. Reversed, with directions to dissolve injunction and dismiss suits.

In Case No. 3705:

Louis A. Stebbins and Ralph F. Potter, both of Chicago, Ill., for appellants.

David D. Stansbury, of Chicago, Ill., for appellees.

In Case No. 3706:

Louis A. Stebbins and Ralph F. Potter, both of Chicago, Ill., for appellants.

Donovan N. Hoover, of Indianapolis, Ind., for appellees.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Each of these suits was brought by policy holders of the Illinois Bankers' Life Association. In 3705 the plaintiffs, appellees, are eighteen citizens of Michigan, and the defendants, appellants, are five persons alleged to be the directors and officers of the association and citizens of Illinois. In 3706 the plaintiffs, appellees, are two citizens of Indiana, and the defendants, appellants, are the same five persons, plus the Illinois Bankers' Life Association and the Illinois Bankers' Life Assurance Company, which last company, it is alleged, was formed by the individual defendants to take over the assets of the first-named company. The life association and the life assurance company are Illinois corporations. In each case the complaint is of the actual and contemplated handling of the affairs and assets of the life association.

The first question raised is to the jurisdiction of the court over the causes. In this respect both stand upon the same footing and may be disposed of together.

[1-3] Diversity of citizenship appearing, the question turns upon the amount in controversy. The general allegation that the amount in controversy, exclusive of interest and costs, exceeds the sum of $3,000, is not controlling. If the particular averments of the complaints disclose the contrary, the general averment is of no avail. Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871. Appellees cannot rely upon the general allegation. The particular averments in each complaint as to the amount of the assets or funds of the company and the number of persons holding policies in it and having interests in its assets and funds show conclusively that no single appellee can have a claim or interest to the amount of $3,000. In 3705 the contention is thus stated in appellees' brief:

"Members of an assessment insurance association, where it is incorporated as such, have common and undivided interests in the assets thereof"—and the insistence is that they have a common and undivided interest in a trust fund held for them and more than 60,000 other policy holders, and that they may aggregate their claims to this trust fund for jurisdictional purposes. In 3706 appellees in their brief thus state their position: "All members having a common and undivided interest in the funds of the association, and the claims of all plaintiffs depending on the same facts, the amount of the funds of the association determines the jurisdictional amount." Thus we have a double-headed contention (a) that, no single plaintiff having a claim sufficient to give jurisdiction, their claims may be aggregated for such purpose; and (b) the amount of the assets or funds of the association determines the amount in controversy. Neither of these contentions can stand in the light of the case of Robbins v. Western Automobile Insurance Co., 4 F.(2d) 249, decided by this court, and the cases cited and relied on in that case, Lion Bonding Co. v. Karatz, supra, and Eberhard v. Northwestern Mutual Life Ins. Co., 241 F. 353, 154 C. C. A. 233.

[4] Appellees' cases are not helped by the averments that they are class suits, brought by them on behalf of themselves and of other policy holders. The practice of allowing suits to be so brought for convenience and economy does not affect the question under discussion. So far as concerns the relation of the appellees to the company as policy holders and members of it and their relation to its funds and assets, we are not able to perceive, and there has not been pointed out to us, any substantial difference between the instant cases and Robbins v. Insurance Co. and Eberhard v. Insurance Co., supra. Every contention as to the aggregation of the several claims, and as to the amount of the trust fund determining the amount in controversy, is concluded by these decisions, and nothing would be gained by repeating the reasons and conclusions stated in them.

The decree is reversed, with directions to dissolve the injunction and dismiss the suits for want of jurisdiction.