**COOK et al. v. ILLINOIS BANKERS' LIFE ASS'N et al.**

No. 4421.

Circuit Court of Appeals, Seventh Circuit.

Feb. 3, 1931.

Rehearing Denied March 10, 1931.

Ellis E. Sluss and James Bingham, both of Indianapolis, Ind., for appellants.

Ralph F. Potter, of Chicago, Ill. (Cassels, Potter & Bentley, of Chicago, Ill., of counsel), for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The bill of complaint in this case was filed by five policyholders of the Illinois Bankers' Life Association, referred to hereinafter as the association, against the association, its officers and directors, and the Illinois Bankers' Life Assurance Company, referred to hereinafter as the company. The bill is brought by appellants on behalf of the association, and the prayer is for injunction and the appointment of a receiver, and to set aside a reinsurance contract entered into between the association and the company, by virtue of which it was sought to bring the association under the laws of the state of Illinois relating to the transaction of a legal reserve life insurance business by a mutual company.

The District Court sustained appellees' motion to dismiss the bill for lack of jurisdiction upon the authority of Illinois Bankers' Life Association v. Strattan (C. C. A.) 14 F.(2d) 951; Woods v. Thompson (C. C. A.) 14 F.(2d) 951; and Illinois Bankers' Life Association v. Farris (C. C. A.) 21 F.(2d) 1014. These cases hold that members of an assessment insurance association, joint-

ly and in their own behalf, suing directors and officers thereof, cannot aggregate their individual claims to produce jurisdictional amount. Appellants contend, however, that these decisions are not applicable, inasmuch as the complainants therein in their own behalf sought to recover their individual interests in the corpus of the property, while in the instant case appellants are suing on behalf of the association to restore the association and its assets to their former condition, and that therefore the value of the entire assets of the association, which exceeds the necessary jurisdictional amount, is in controversy. Assuming, without deciding, that appellants' argument is sound, and that the facts upon which it is based are true, then appellants are confronted with the following Illinois statutes (Cahill, 1929):

"When the Auditor [of Public Accounts] on investigation shall be satisfied that any corporation organized under the laws of this State doing business in this State of the character defined in this Act * * * has exceeded its powers, failed to comply with any provision of law, or is conducting business fraudulently, he shall report the facts to the Attorney-General, who, if he shall be of the opinion that the facts require such action, may thereupon apply to any court having jurisdiction thereof, * * *" Chapter 73, par. 422.

"No order, judgment or decree providing for an accounting or enjoining, restraining or interfering with the prosecution of the business of any domestic insurance corporation subject to the provisions of this Act, or appointing a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the Attorney-General on his own motion, or after his approval of a request in writing therefor by the Auditor of Public Accounts, except in an action by a judgment creditor or in proceedings supplementary to execution." Chapter 73, par. 424.

"The Insurance Superintendent shall possess and have all the powers, and he may perform all the duties in regard to the business of insurance in this State, which are now at-tached by law to the office of Auditor of Public Accounts and the Attorney General * * * and may * * * prosecute in his name all suits * * * required to be done * * * by the Auditor of Public Accounts and the Attorney General * * * [who] are hereby relieved from any duty heretofore imposed upon them by any law of this State in relation thereto. * * *" Chapter 73, par. 3.

These laws are a part of the charter of both the association and the company, and their enforcement is a property right of every member of the association and a charter right of the association. Interstate Consolidated Street Railway Co. v. Commonwealth of Massachusetts, 207 U. S. 79, 28 S. Ct. 26, 52 L. Ed. 111, 12 Ann. Cas. 555; People v. Chicago Gas Trust Co., 130 Ill. 268, 22 N. E. 798, 8 L. R. A. 497, 17 Am. St. Rep. 319. These provisions are valid limitations and safeguards, binding upon the corporation and its members, and will be enforced by the federal courts. McGarry et al. v. Lentz et al. (C. C. A.) 13 F.(2d) 51; Cummings et al. v. Supreme Council of Royal Arcanum et al. (D. C.) 247 F. 992.

Appellees' motion to dismiss for want of jurisdiction was also based on the proposition that, under the statutes quoted, appellants had no right to sue, and, if the cause had been instituted by the party designated by statute, it would have failed for want of jurisdiction. Appellants cite the case of Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 59 L. Ed. 856, to the proposition that remedies afforded and modes of proceeding pursued in the federal courts, sitting as courts of equity, are not determined by local laws or rules of decision, but by general principles, rules, and usages of equity. That was a case, however, where the state court had provided complainant no other remedy, either legal or equitable. This distinction is of vital importance, and the case lends no aid to appellants' contention.

We are convinced that appellants had no right under the Illinois statutes to maintain the action, and that the motion to dismiss for want of jurisdiction was properly sustained.

Decree affirmed.