## MATLAW CORPORATION v. WAR DAMAGE CORPORATION.

### Civil Action No. 1216.

District Court, S. D. Indiana, Indianapolis Division.

May 16, 1947.

Judgment Affirmed Oct. 29, 1947.

See 164 F.2d 281.

James E. Watson and Orin deM. Walker, both of Washington, D. C., Walter Myers, Jr., of Indianapolis, Ind., and Jay E. Darlington of Hammond, Ind., for plaintiff.

John F. Sonnett, Asst. Atty. Gen., and B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., for defendant.

BALTZELL, District Judge.

On December 13, 1941, the defendant War Damage Corporation was created pursuant to section 5d of the Reconstruction Finance Corporation Act by the Federal Loan Administrator with the approval of the President. 15 U.S.C.A. § 606b. The charter which was issued on that date to the defendant provided among other things that it should have an authorized capital stock of $100,000,000, all of which was subscribed for by the Reconstruction Finance Corporation, and was not transferable. The Reconstruction Finance Corporation was, therefore, the sole stockholder.

On March 27, 1942, Congress added section 5g to the Reconstruction Finance Corporation Act. 15 U.S.C.A. § 606b—2. This section provided a "reasonable protection against loss of or damage to property * * * which may result from enemy attack." Such protection was provided

"through insurance, reinsurance, or otherwise," and was made available to all property owners who desired it upon the payment of such premium by the insured as the defendant corporation might fix.

On July 1, 1942, the defendant began and carried on the business of insuring property of persons applying for such insurance against war damage, as provided by Congress in the above referred to Act. Insurance was issued through Fiduciary Agents which included any insurance carrier specifically appointed by the defendant. Such agents wrote such insurance, issued policies therefor provided by the defendant, collected premiums thereon, and remitted same to the defendant after deduction of the agents' fees.

Fortunately, in the United States there were very few losses of the character covered by the insurance. When the war ended, there was no longer need for such insurance, and the defendant is now in process of dissolution. The amount of insurance premiums paid by all the insured, collected by the agents and transmitted to the defendant, was greatly in excess of the claims paid, and there is now in the hands of the defendant a sum of money in excess of $225,000,000, of which amount only a small percentage is needed for the payment of current expenses and of outstanding claims for losses sustained by the insured.

Plaintiff alleges in the complaint that on November 30, 1942, the defendant issued one of its policies to plaintiff for which it paid an annual premium of $104 when the policy was written, and the same amount for the succeeding year, making a total amount paid by it of $208 for two years' insurance. Plaintiff has brought this action seeking to impress a trust upon the funds in the hands of the defendant, after payment of claims and expenses, for the benefit of all the former policyholders upon the theory that such fund is a trust fund for the benefit of *all* policyholders. It is seeking to have this fund distributed among the policyholders in proportion to the premiums which each may have paid for insurance carried during the life of the defendant, and is seeking to maintain this action as a class action.

According to the complaint, jurisdiction is based upon the ground that the matter in controversy exceeds $3,000 and it arises under the Constitution and laws of the United States. Defendant has filed a Motion to Dismiss the complaint upon the ground that it fails to state a claim against the defendant upon which relief may be granted. It is defendant's contention that this is not a class action and that, therefore, the amount necessary to give this court jurisdiction is not present. On the other hand, plaintiff contends that it is a true class action, that the amount in controversy is the total amount of premiums paid by policyholders throughout the United States and remaining in the hands of defendant, and is greatly in excess of the amount necessary to confer jurisdiction upon this court.

The question presented for determination upon the Motion to Dismiss is whether or not there is present the requisite amount to give this court jurisdiction, there being no dispute as to there being a federal question involved. It is apparent upon the face of the complaint that the pecuniary interest of the plaintiff alone is not sufficient to give this court jurisdiction. Plaintiff's theory, however, is that this is a class action, and that the amount in controversy is the aggregate amount of the interests of all of the class which plaintiff purports to represent. In support of plaintiff's theory it is alleged that the fund which plaintiff would have adjudicated to be a trust fund is made up of premiums collected by defendant from all its policyholders; that these policyholders constitute a class so numerous as to make it impracticable to bring them all before the court; that the plaintiff is a representative member of this class; and that the right sought to be enforced for the class falls within all three definitions of Rule 23 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c: (1) The right sought to be enforced is common, namely, the common right of the class members as equitable tenants in common, or equitable co-claimants, of undivided pro rata interests in said fund; (2) if their rights be considered several, plaintiff is nevertheless entitled to sue for the class, because the object of the action is

the adjudication of claims which affect specific property involved in the action, namely, said fund; (3) if their rights be considered several, plaintiff is further entitled to sue for the class, because there is a common question of law and fact affecting the several rights and a common relief sought.

■ Rule 23(a) of the Federal Rules of Civil Procedure "permits certain class suits of a limited nature to be brought in a limited manner. * * * The limitation as to the nature of the suit that may be brought by representation is that the character of the right sought to be enforced for the class is either joint, or common, or secondary, or several." Grand Rapids Furniture Co. et al. v. Grand Rapids Furniture Co., 7 Cir., 1942, 127 F.2d 245, 251.

In order to give this court jurisdiction, the various premiums paid by the various policyholders must be added together, and this can not be done under Rule 23 which says nothing about aggregation of values involved. "That privilege grows out of 28 U.S.C.A. § 41 as interpreted by the Supreme Court." Grand Rapids Furniture Co. case, supra.

■ If the interests of plaintiff and the other policyholders are separate and distinct, then the judicial amount is the value of the interest of the plaintiff; but if the interests are joint and common, then their total is the jurisdictional amount. 141 A. L.R. 569–580.

Again, it may be said that the plaintiff's contention is that this is an action seeking to create a trust fund for the benefit of all the policyholders, which policyholders, it contends, are a single class, and that the interest of each member of the class in such trust fund is joint and common. In considering this question, it must be kept in mind that no trust fund has yet been established. This distinguishes this case from one in which the trust fund is already established or created, and the plaintiff is seeking to protect the trust as a representative of all beneficiaries thereof. See Boesenberg v. Chicago Title & Trust Co., 7 Cir., 1942, 128 F.2d 245, in which case the trust estate had already been created and the complaint alleged that the

trustees had been guilty of wrongful conversion of such funds, and it was sought by the plaintiff that a receiver be appointed and the misappropriated funds be restored to the trust. In that case the court held that the object of the controversy was not the recovery of the plaintiff's interest, which was less than $3,000, but was the protection of a trust estate worth more than $3,000.

On the other hand, in the case of Andrews v. Equitable Life Assurance Society, 7 Cir., 1942, 124 F.2d 788, certiorari denied 316 U.S. 682, 62 S.Ct. 1270, 86 L.Ed. 1755, the plaintiff, a former policyholder in a mutual insurance company, alleged in his complaint that a surplus fund was accumulated in excess of the legal reserve of the company, and that this fund belonged to the members who contributed to it in proportion to their contributions. He further alleged that the fund was held by the insurance company in trust for its members. The amount contributed to the fund by plaintiff was less than $3,000, but the total aggregate amount contributed by all policyholders to the company was in excess of $3,000. In that case the court held that the jurisdictional amount was not present; that the rights of the plaintiff and the other policyholders were several, unrelated and independent, and that their value could not be aggregated for the purpose of conferring jurisdiction. The court said: "Since his claim * * * stems from the contract, and that of the persons he purports to represent would likewise, their claims are several. * * * But where the claims * * * are several as against the fund, then the claims cannot be aggregated to make the jurisdictional amount."

■ In the instant case, as in the Andrews case, the plaintiff is a policyholder who is seeking to impress a trust upon a portion of the premiums paid by various policyholders for the benefit of all policyholders. The plaintiff paid its premiums for a period of two years and enjoyed the protection afforded it during that time by the insurance policy issued to it. Such policy, when accepted by plaintiff and the premium paid by it, became a valid and binding contract for the period stipulated therein, and the plaintiff was afforded pro-

352

tection against loss during such period which was the only right afforded plaintiff under the contract. This applies to all policyholders. According to the allegations of the complaint, the "defendant prepared * * * a basic standard form of policy, which it proposed to use and did use uniformly throughout the United States in carrying out its said business of insuring against war damage." It will thus be seen that each policyholder had a separate and distinct contract with the defendant. The amount of protection furnished was stipulated in such contract as was also the premium paid by the insured for such protection. The mere fact that there may be a surplus in defendant's hands after payment of all claims and expenses is no ground for declaring such surplus to be a trust fund to be distributed among various policyholders. See Eberhard v. Northwestern Mutual Life Ins. Co., 6 Cir.,1917, 241 F. 353; Robbins v. Western Automobile Ins. Co., 7 Cir., 1924, 4 F.2d 249; Woods v. Thompson, 7 Cir., 1926, 14 F.2d 951. In the case of Equitable Life Assurance Society of The United States v. Brown, 1909, 213 U.S. 25, 29 S.Ct. 404, 410, 53 L.Ed. 682, where it was held that the insurance company was not the trustee of its policyholders, and that the policyholders could only participate in the surplus of the company according to the terms of the policy, the Supreme Court said: "The complainant's contention, as above stated, that there is such a trust in the fund mentioned, has never been regarded as the law in the state of New York * * * nor anywhere else so far as any case has been cited on the subject."

It is apparent on the face of the complaint that the rights of the plaintiff and those whom it claims to represent are derived from their respective policies; that these rights are several, unrelated and independent; and that their value can not be aggregated for the purpose of conferring jurisdiction. The requisite jurisdictional amount is therefore not present.

The motion of the defendant to dismiss is sustained, and the cause dismissed for want of jurisdiction. An entry will be prepared acordingly.